IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES ROBINSON, | ) |
| | ) |
|   Petitioner, | ) |
| | ) |
| v. | )  Civil Action No. 1:11cv841-TMH |
| | )                 (WO) |
| ANDY HUGHES, *et al.*, | ) |
| | ) |
|   Respondents. | ) |

**O R D E R**

The respondents have filed an answer in which they contend that the present habeas corpus petition is due to be denied because the claims presented by the petitioner provide no basis for relief. (Doc. No. 14.) Specifically, the respondents argue that

     (1) the petitioner's claim that the Houston County Circuit Court lacks jurisdiction over his public intoxication charge presents a question of state law that is not cognizable in a federal habeas petition and, in any event, amounts to a bare, unsupported allegation;

     (2) the petitioner's claim that he was denied a preliminary hearing is not cognizable in a federal habeas petition because it does not present a constitutional issue;

     (3) the petitioner's challenge to the conditions of his confinement is properly raised in a civil rights action under 42 U.S.C. § 1983 and not in a federal habeas petition;

     (4) the petitioner's claim that this court should investigate other inmate cases is not cognizable in a federal habeas petition; and

     (5) the petitioner has failed to exhaust his claims that

          (a) he was illegally arrested;

>  (b) he has been denied effective assistance of counsel;
>
>  (c) the State denied him access to the courts by failing to transport him to his preliminary hearing; and
>
>  (d) he has been denied access to the courts to have his alleged constitutional violations addressed.

A state pretrial detainee is entitled to raise constitutional claims in a federal habeas proceeding under 28 U.S.C. § 2241 if two requirements are satisfied.  First, the petitioner must be in custody.  *See* 28 U.S.C. § 2241(c); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987).  Petitioner is apparently currently incarcerated and awaiting trial on criminal charges pending against him in the Circuit Court for Houston County, Alabama.  He, thus, satisfies the "in custody" requirement for purposes of § 2241.  Secondly, the petitioner must have exhausted his available state remedies.[1]  State remedies are ordinarily not considered exhausted so long as a petitioner may effectively present his claims to the state courts by any currently available and adequate procedure.  *Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 489 (1973). Pursuant to 28 U.S.C. § 2254(c), a petitioner "shall not be deemed to have exhausted the remedies available in the court of the State ..., if he has the right under the law of the State to raise, by any available procedure, the question presented."  Typically,

---

[1] Although the statutory language of § 2241 itself does not contain an exhaustion requirement, this Circuit has determined that the requirements of § 2254, including exhaustion of state remedies, apply to a subset of petitioners to whom § 2241(c)(3) applies, i.e., those who are "in custody in violation of the Constitution or laws or treaties of the United States." *See Medberry v. Crosby*, 351 F.3d 1049, 1059 (11th Cir. 2003); *Dill v. Holt*, 371 F.3d 1301, 1303 (11th Cir. 2004); *see also Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 489-92 (1973); *Brown v. Estelle*, 530 F.2d 1280, 1284 (5th Cir. 1976).

in order to exhaust, a petitioner must fairly apprise the highest state court of the federal rights that were allegedly violated. *See O'Sullivan v. Boerckel*, 526 U.S. 828, 845 (1999); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985).

Upon review of the pleadings in this case, it appears that the petitioner has not yet exhausted his available state court remedies with respect to each of the claims presented in his petition for habeas corpus relief. This court does not deem it appropriate to rule on the merits of the petitioner's claims without first requiring that he exhaust state remedies. *See* 28 U.S.C. § 2254(1)(b)(2). Accordingly, it is

ORDERED that on or before December 22, 2011, the petitioner shall SHOW CAUSE why his habeas corpus petition should not be dismissed for failure to exhaust state remedies and for the other reasons asserted by the respondents.

Done this 1st day of December, 2011.

　　　　　　　　　　　　　　　　　　/s/Wallace Capel, Jr.
　　　　　　　　　　　　　　　　WALLACE CAPEL, JR.
　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE