IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMES L. ROBINSON, # 121865, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:11cv841-TMH |
| | ) | (WO) |
| ANDY HUGHES, *et al*., | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a *pro se* petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 filed on October 5, 2011, by James L. Robinson ("Robinson"), a state pretrial detainee.

## I.   INTRODUCTION

On March 1, 2011, the Houston County Grand Jury returned an indictment charging Robinson with public intoxication and obstructing justice using a false identity.  Robinson pled not guilty to the charges, and the case is still pending in the Houston County Circuit Court.   In his § 2241 habeas petition, Robinson challenges the constitutionality of the pending state criminal charges.  He appears to assert the following claims:

    1.    He was unlawfully arrested.

    2.    The Houston County Circuit Court lacks jurisdiction over his public intoxication charge because the charge "did not go through" the Houston County District Court before the circuit court assumed jurisdiction by way of the indictment.

    3.    He was denied his right to a preliminary hearing.

4.      He has been denied effective assistance of counsel; in particular, his counsel waived his right to a preliminary hearing without his consent and his state-appointed attorneys have failed to visit him, talk to him about defense strategy, or investigate his case.

5.      The State denied him access to the courts by refusing to transport him to the district court for a preliminary hearing.

6.      He has been denied access to the courts to have the denial of his constitutional rights addressed.

7.      He is facing "complete harassment" and "serious physical injury" due to the conduct of State officials.

Doc. No. 1 at 4-7.  Robinson asks this court to order a stay of the pending state criminal case "until [a] full investigation is performed" and to grant "any and all relief to which Robinson is entitled."  *Id*. at 6-7.

In an answer filed on November 30, 2011, the respondents assert, among other things, that Robinson has failed to exhaust available state remedies with respect to each of the claims in his § 2241 petition.  Doc. No. 14.  Specifically, the respondents maintain that Robinson's claims regarding an unlawful arrest, ineffective assistance of counsel, and denial of access to the courts have not been exhausted and that, therefore, this court may not grant Robinson relief based on these claims.  *Id*. at 11-12.  The respondents contend that Robinson has failed to avail himself of the proper state remedies for challenging pretrial detention and that if Robinson is convicted, he will have an opportunity to challenge the validity of the conviction (and the performance of his counsel and the fairness of the criminal proceedings) in the state

courts and should do so before presenting any such challenges in federal court.[1]  *Id*. at 13-16.

Accordingly, the respondents argue that Robinson's § 2241 habeas petition should be

dismissed to afford Robinson an opportunity to exhaust all available state court remedies.

This court granted Robinson an opportunity to show cause why his petition should not

be dismissed and Robinson has submitted additional pleadings.  *See* Doc. Nos. 15-18.  Upon

review of Robinson's petition, the respondents' answer, and Robinson's response, the court

concludes that the instant habeas corpus action should be dismissed because Robinson has

failed to exhaust state remedies with respect to each of the claims raised in his petition.

## II.  DISCUSSION

A state pretrial detainee is entitled to raise constitutional claims in a federal habeas

proceeding under § 2241 if two requirements are satisfied.  First, the petitioner must be "in

custody," although not pursuant to the final judgment of a state court.[2]  *See Dickerson v.*

---

[1] The respondents maintain that Robinson's claim that the Houston County Circuit Court lacks jurisdiction over his public intoxication charge presents a question of state law that is not cognizable in a federal habeas petition and, in any event, amounts to a bare, unsupported allegation. Doc. No. 14 at 7-8.  The respondents argue that Robinson's claim that he was denied his right to a preliminary hearing is not cognizable in a federal habeas petition because it does not present a constitutional issue.  *Id*. at 8-10.  The respondents also argue that Robinson's allegation that he is facing "complete harassment" and "serious physical injury" due to the conduct of State officials presents a challenge to the conditions of his confinement is properly raised in a civil rights action under 42 U.S.C. § 1983 and not in a federal habeas petition.  *Id*. at 10-11.

[2] Title 28 U.S.C. § 2254 applies to post-trial situations and affords relief to a petitioner "in custody pursuant to the judgment of a state court."  *See* 28 U.S.C. §§ 2254(a) and (b).  A person held in pretrial detention is not in custody pursuant to a state court judgment for § 2254 purposes, and therefore properly proceeds under § 2241.  *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1261-62 (11th Cir. 2004).  For a discussion of the distinction between post-trial habeas corpus relief under § 2254 and pretrial relief under § 2241, see *Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484,

(continued...)

*Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987); 28 U.S.C. § 2241(c).  When he filed his § 2241 petition, Robinson was incarcerated in the Houston County Jail awaiting trial on the criminal charges pending against him in the Houston County Circuit Court.  Robinson has since been transferred to the Hamilton Aged & Infirmed Facility, an Alabama Department of Corrections Facility located in Hamilton, Alabama.  He is still awaiting trial on the Houston County charges.  He therefore satisfies the "in custody" requirement for purposes of § 2241.

Secondly, Robinson must have exhausted his available state remedies.[3]  State remedies are ordinarily not considered exhausted so long as a petitioner may effectively present his claims to the state courts by any currently available and adequate procedure.  *Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 489 (1973).  Pursuant to 28 U.S.C. § 2254(c), a petitioner "shall not be deemed to have exhausted the remedies available in the court of the State . . . , if he has the right under the law of the State to raise, by any available procedure, the question presented."  Typically, in order to exhaust, a petitioner must fairly apprise the highest state court of the federal rights that were allegedly violated.  *See O'Sullivan v.*

---

[2](...continued)
503-04 (1973) (Rehnquist, J. dissenting); *Moore v. DeYoung*, 515 F.2d 437, 441-42 (3d Cir. 1975).

[3] Although the statutory language of 28 U.S.C. § 2241 itself does not contain an exhaustion requirement, this circuit has determined that the requirements of 28 U.S.C. § 2254, including exhaustion of state remedies, apply to a subset of petitioners to whom § 2241(c)(3) applies, i.e., those who are "in custody in violation of the Constitution or laws or treaties of the United States."  *See Medberry v. Crosby*, 351 F.3d 1049,1059 (11th Cir. 2003); *Dill v. Holt*, 371 F.3d 1301, 1303 (11th Cir. 2004); *see also Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 489-92 (1973); *Brown v. Estelle*, 530 F.2d 1280, 1284 (5th Cir. 1976).  This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim.  *Dill*, 371 F.3d at 1303 (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

*Boerckel*, 526 U.S. 828, 845 (1999); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). The record in this case conclusively shows that Robinson has not satisfied the exhaustion requirement as to each of his claims. To circumvent the exhaustion requirement, a petitioner must establish there is an "absence of available state corrective process" or "circumstances exist that render such process ineffective to protect [his] rights." 28 U.S.C. § 2254(b)(1)(B); *see Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). Robinson has failed to establish that state court remedies are unavailable or that such remedies are ineffective. Because he has failed to exhaust his claims in state court, Robinson is not entitled to relief under § 2241.

Furthermore, under principles of comity and federalism, a federal court should abstain from intervening in a state criminal prosecution until all state criminal proceedings are completed and a petitioner exhausts available state remedies, unless the petitioner demonstrates (1) evidence of bad faith prosecution, (2) irreparable injury if abstention is exercised by the federal court, or (3) the absence of an adequate alternative state forum where the constitutional issues can be raised. *Younger v. Harris*, 401 U.S. 37, 44–46 & 53-54 (1971); *see Braden*, 410 U.S. at 489; *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1263 (11th Cir. 2004). "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." *Drury v. Cox*, 457 F.2d 764, 764–65 (9th Cir. 1972). Absent such exceptional circumstances, a pretrial detainee may

not adjudicate the merits of his constitutional claims before a judgment of conviction has been entered by a state court. *Braden*, 410 U.S. at 489. "Derailing of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court" is not allowed. *Id*. at 493. Federal habeas relief should not be used as a "pretrial motion forum for state prisoners." *Id*.

Robinson has not alleged facts showing that his prosecution is motivated by bad faith, nor has he alleged facts entitling him to review under the "irreparable injury" exception. *See Younger*, 401 U.S. at 53-54 (citing *Watson v. Buck*, 313 U.S. 387, 402 (1941) (finding that irreparable injury exists if the statute under which a defendant is being prosecuted is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it" or if unusual circumstances exist that would call for equitable relief); *Carden v. Montana*, 626 F .2d 82, 84 (9th Cir. 1980) ("Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate."). Finally, Robinson fails to show that he has no available state corrective process, and he presents no argument that would warrant federal court interference in the normal functioning of the state's criminal processes. Alabama's state courts have adequate and effective state procedures for review of Robinson's constitutional claims either before trial or, in the event

Robinson is convicted, through appellate and post-conviction proceedings.

For the reasons noted above, this court concludes that Robinson has not shown that he should be excused from the exhaustion requirement.  He has not shown an absence of available state corrective process or that exceptional circumstances exist that render such process ineffective and that would warrant federal intrusion at this juncture.  Accordingly, pretrial habeas interference by this court is not authorized in this case.  *See Braden*, 410 U.S. at 493.  After exhausting available state remedies, Robinson may pursue federal habeas proceedings.[4]

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Robinson be DISMISSED without prejudice to afford Robinson an opportunity to exhaust all available state court remedies.  It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation **on or before January 20, 2012**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

---

[4] This court agrees with the respondents that Robinson's allegations of "complete harassment" and the prospect of "serious physical injury" arising from the conduct of State officials do not present grounds for habeas relief and are more properly raised in a 42 U.S.C. § 1983 action.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.   *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).   *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 5th day of January, 2012.


/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE